MR. JUSTICE HARRISON,
concurring in part and dissenting in part.
I concur in the opinion but dissent as to the majority’s disposition of Issue 2. The majority finds no substantial evidence to support the jury’s determination that defendant inflicted bodily injury in the *38 course of committing sexual intercourse without consent. Section 94-5-503(3), R.C.M.1947, provides:
“* * * if the offender inflicts bodily injury upon anyone in the course of committing sexual intercourse without consent, he shall be imprisoned in the state prison for any term of not less than 2 years or more than 40 years, except as provided in 95-2206.18.”
The majority freely admits “the evidence shows that defendant did commit sexual intercourse without consent” and the jury so found. Nor is there any quarrel that there is substantial evidence showing that defendant participated in the killing of Peggy Lee Harstad. These facts were proven to the jury despite the fact, as the majority notes, the pathologist could find no evidence of physical injury to her badly decomposed body. While the majority is unclear in what respect the State’s proof was lacking, the State must have failed to prove either that (1) defendant inflicted “bodily injury” on the victim, or (2) the bodily injury was inflicted in the course of the commission of the rape.
Undoubtedly, there is substantial evidence that defendant inflicted bodily injury on the victim. As noted above, the evidence indicates defendant participated in causing her death. Certainly death is “bodily injury” within the meaning of the statute. That death is “impairment of physical condition” is so obvious that it deserves little comment. Section 94-2-101(5), R.C.M. 1947. To hold otherwise would lead to absurd results. For example, a person who breaks the arm of the victim in the course of committing a rape can receive a 40 year sentence for the rape, but a rapist who kills the victim can receive no more than a 20 year sentence for the rape. I cannot believe the legislature intended that a rapist receive a lighter sentence because he did more harm to the victim than is required by the definition of “bodily injury”.
If death is, indeed, bodily injury, the only remaining requirement is that the death be inflicted “in the course of committing sexual intercourse without consent”. This phrase is explained in section 94-5-503(4), R.C.M.1947.
“An act ‘in the course of committing sexual intercourse without *39 consent’ shall include an attempt to commit the offense or flight after the attempt or commission,” (Emphasis added.)
Clearly there is substantial evidence to show the victim was killed in the “flight after” the commission of the rape. According to Nank’s testimony, she was raped in her car, and then beaten and drowned nearby. Had she lived, she would have been able to identify defendant and Nank as the perpetrators. The jury certainly would have been reasonable to infer that she was killed in an attempt to cover up the commission of the rape. The majority completely ignores the “flight after” language of the statute.
In summary, I find substantial evidence to support the jury’s verdict that defendant inflicted “bodily injury” upon the victim “in the course of committing sexual intercourse without consent”. Her death supplied all the “bodily injury” required. Her death was inflicted in the course of committing the rape because it was an integral part of the flight after the commission of the offense. This is precisely the type of conduct the statute was intended to punish to the most severe extent.
I would affirm the imposition of the 40 year sentence.